```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

Nicholas Carlson, an infant by his father
and natural guardian, Mark Carlson, and
Mark Carlson, individually,

        Plaintiffs,      CV-04-4480 (CPS)

  - against -             MEMORANDUM
                            OPINION AND ORDER

Jennifer Bond,

        Defendant.

```
----------------------------------------X
```

SIFTON, Senior Judge.

    Mark Carlson brought this action on behalf of himself and his infant son, Nicholas Carlson, alleging a claim for relief pursuant to New York's no-fault automobile insurance law, N.Y. Insurance Law § 5101 *et seq.*, stemming from injuries sustained by Nicholas Carlson during a car accident. The complaint also alleges a claim for loss of companionship on behalf of Mark Carlson. The parties report that they have settled the dispute. Presently before the Court is the parties' application for an infant compromise order. For the reasons that follow, I *sua sponte* conclude that the complaint does not properly plead subject matter jurisdiction. The plaintiffs are instructed that if the complaint is not amended within thirty days of the date of this memorandum to plead the parties' states of citizenship, it will be dismissed. The application for an infant compromise

order is denied without prejudice to its renewal after the complaint is amended.

Background

The complaint alleges that on November 29, 2003, Nicholas Carlson was an occupant in a vehicle operated by Jennifer Bond. The complaint alleges that, due to Bond's carelessness, an accident occurred in a Dunkin' Donuts parking lot, causing serious injury to Nicholas.

According to an affidavit submitted by Mark Carlson, he is Nicholas's guardian, and Nicholas is presently sixteen years of age.  Mark further states that as a result of the accident in question, Nicholas suffered a broken femur, was treated at St. Vincent's Hospital, underwent surgery to place a rod in his leg, and received three months of physical therapy.

The parties state that they have agreed to a structured settlement valued at $100,000 -- the limit of Bond's insurance policy -- resolving all claims.  Nicholas Carlson is to receive annual payments of $10,000 beginning on December 24, 2007, and payable on each December 24 thereafter for a six-year period. Nicholas will then receive a lump-sum payment of $32,603 on December 24, 2013.  The Carlsons' attorney will receive $25,000 in fees.  The Carlsons' attorney states that this settlement is fair due to the risks associated with proceeding to trial, and

because of the limits on Bond's insurance policy.

With respect to jurisdiction, the complaint alleges the parties places of residency.  Bond is alleged to reside in Richmond County, New York; the plaintiffs allegedly reside in Union County, New Jersey.  The complaint seeks damages of $1,500,000.

## Discussion

Although neither party has raised the issue, a federal court is required to *sua sponte* dismiss a complaint that does not properly plead subject matter jurisdiction.  *E.g., Held v. Held*, 137 F.3d 998 (7th Cir. 1998).  Because the claims for relief alleged in the complaint are creatures of state law, jurisdiction is allegedly founded on diversity of citizenship.  *See* 28 U.S.C. § 1332.  Federal Rule of Civil Procedure 8(a)(1) requires a plaintiff to allege in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends."  For purposes of diversity jurisdiction, this requires alleging the states of citizenship of all parties.  *Held*, 137 F.3d at 1000.  Here, however, the plaintiffs have merely alleged the parties' places of *residency.*

Allegations concerning a party's place of residence are insufficient to establish diversity of citizenship because a person may be a resident of one state but a citizen of another.

*Held*, 137 F.3d at 1000; *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 412-13 (5th Cir. 1985); *Kaiser v. Loomis*, 391 F.2d 1007 (6th Cir. 1968); *Automotive Fin. Corp. v. Automax of Northern Il.*, 194 F. Supp. 2d 796 (N.D. Ill. 2002); *Edick v. Poznanski*, 6 F. Supp. 2d 666, 669 (W.D. Mich. 1998); *Brower v. Franklin Nat'l Bank*, 311 F. Supp. 675, 676 (S.D.N.Y. 1970). This is so because "citizenship" for purposes of the diversity statute is synonymous with "domicile," not residence. *Kaiser*, 391 F.2d at 1009.

## Conclusion

For the foregoing reasons, I *sua sponte* conclude that the complaint does not properly plead subject matter jurisdiction. The plaintiffs are instructed that if the complaint is not amended within thirty days of the date of this memorandum to plead the parties' states of citizenship, it will be dismissed. The application for an infant compromise order is denied without prejudice to its renewal after the complaint is amended.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated: Brooklyn, New York

June 14, 2005

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge